**EXHIBIT 1**

RECEIVED / FILED
Superior Court of New Jersey
MAY 05 2017
CIVIL CASE MANAGEMENT
UNION COUNTY

Fredric Paul Gallin - ID #022271985
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
gallin@methwerb.com
Attorneys for Dr. Ian Langer
Our File No. 84143 FPG

| | |
|---|---|
| DR. IAN LANGER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNUM GROUP, PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY, ABC INSURANCE COMPANIES 1-5,<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>DOCKET NO.: UNN-L- 1696-17<br><br>Civil Action<br><br>COMPLAINT |

Plaintiff, Dr. Ian Langer, by way of Complaint against the defendant, says:

### FIRST COUNT

1. Dr. Ian Langer resides in Scotch Plains, New Jersey.

2. Dr. Ian Langer is a duly licensed endodontist (dentist, specialist in root canal therapy) who, during the relevant time frame, maintained offices in Linden and Westfield.

3. Provident Life & Accident Insurance Company is an insurance company providing disability insurance policies in the State of New Jersey with a principle place of business in Chattanooga, TN.

4. Provident Life & Accident Insurance Company is a subsidiary of UNUM.

5. UNUM is an insurance group with a principle place of business in Chattanooga, TN.

6. UNUM provides claims handling services on behalf of Provident Life & Accident Insurance Company.

7. ABC Insurance Companies 1-5 are such other insurance companies who provided disability insurance policies to Dr. Langer or were involved in the claim process.

8. Dr. Langer had two disability insurance policies with Provident Life & Accident, these being policy numbers 6-334-574054 and 6-334-666318.

9. Policy 06334-574054 had an effective date of August 22, 1983. Policy 6-334-666318 was obtained in 1985.

10. Provident Life & Accident policies provided disability benefits in the case of both total and partial disability.

11. The policies provided benefits in terms of residual disability in the event that there was a return to work but there was a loss of income of at least 20% from monthly income before disability.

12. In 2012 Dr. Langer suffered a catastrophic medical condition which rendered him totally disabled.

13. Provident duly paid total disability benefits through the end of July 2013.

14. In or about June of 2013 Dr. Langer was able to return to work on a part time basis.

15. There was an overlap between the period of time of when there was a partial return to work and during which total disability benefits were paid because the policies provided "back to full time work benefits".

16. Since July 31, 2013 Provident and/or UNUM have refused to provide any further benefits.

17. Proof has been provided that even with the return to work there was a significant loss of income.

18. The loss of income suffered by Dr. Langer falls within the residual disability benefits contained within the policies.

19. Dr. Langer duly paid premiums on the Provident policies for over 25 years with the expectation that in the event he became disabled that Provident would honor its obligations pursuant to the policies terms and conditions.

20. Dr. Langer has duly complied with all requests for information establishing entitlement of benefits under the policies.

21. Provident's and/or UNUM's failure to provide benefits is a breach of the policies terms and conditions.

22. As a result of the denial of the claims defendants are in breach of their contractual obligations.

23. Dr. Langer is entitled to the benefits of the policies for which he has duly paid premiums in the amount of the residual benefits from July of 2013 to the present and going forward on until the time when such policies would no longer provide such residual benefits based on age.

24. Dr. Langer's damages are in excess of the jurisdictional limits of the lower court.

## SECOND COUNT

1. Plaintiff repeats and reiterates each and every allegation heretofore set forth herein.

2. Defendants have no fairly debatable reason for denying benefits.

3. Defendants have no fairly debatable reasons for their delays in processing this claim and ultimately denying same.

4. Defendants' actions were taken in bad faith.

5. As a consequence of defendants' bad faith actions Dr. Langer has suffered consequential damages including but not limited to the deprivation of policy benefits for a number of years and attorneys fees in having to bring this action in order to obtain benefits to which he is entitled.

6. Defendants' actions were taken with the intent to harass and/or intimidate and/or discourage Dr. Langer with the ultimate goal that he would give up on the claim.

7. Defendants' bad faith actions were taken with the ultimate goal of improperly trying to avoid honoring policy obligations.

8. Defendants' actions are sufficiently willful and wrongful that punitive damages are warranted.

**WHEREFORE**, plaintiff demands judgment for the relief sought herein against the defendants jointly, severally, or in the alternative, in the amount of the benefits which should have been payable under the insurance policies, consequential damages, punitive damages, attorneys fees, costs and such other and further relief as the Court deems just and equitable.

                                      **METHFESSEL & WERBEL, ESQS.**
                                      Attorneys for Dr. Ian Langer

                                      By: _____
DATED: May 4, 2017                        Fredric Paul Gallin

### CERTIFICATION OF NO OTHER ACTIONS

I hereby certify that the matter in controversy in the within action is not the subject of any other action pending in any court or of any pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I further certify that there is no other party who should be joined in this action.

I further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be

redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

METHFESSEL & WERBEL, ESQS.
Attorneys for Dr. Ian Langer

By: *Fredric Paul Gallin*
Fredric Paul Gallin

DATED: May 4, 2017

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the provision of Rule 4:25-4, the Court is advised that Fredric Paul Gallin is hereby designated as trial counsel.

METHFESSEL & WERBEL, ESQS.
Attorneys for Dr. Ian Langer

By: *Fredric Paul Gallin*
Fredric Paul Gallin

DATED: May 4, 2017

### JURY DEMAND

The plaintiff, hereby demands trial by a jury as to all issues.

METHFESSEL & WERBEL, ESQS.
Attorneys for Dr. Ian Langer

By: *Fredric Paul Gallin*
Fredric Paul Gallin

DATED: May 4, 2017